Thank you, Your Honors. Good morning. My name is Michael Donahoe. I work for the Federal Defender's Office in Helena, Montana. It's a branch office. I was appointed by this Court to represent Mr. Skurdal in the first instance. I'm sort of a Johnny-come-lately to this case. I wrote the briefs in the first appeal. I did want to explain to the Court that I didn't have anything to do with the trial or the pretrial motion practice or anything along that line. We come here today after being back before Judge Hanscom on this Court's order in a published opinion, indicating that he should address the merits or that the Court should address the merits of Section 55. And we kind of got snarled in who was responsible for what, I suppose. And the Court decided below that he didn't have any jurisdiction to fashion any kind of remedy. And we're back here again on appeal. So I have one certified issue and two non-certified issues. Can you just explain to me what would be the scope of relief that you're looking for? Because of the issues that you wanted to raise, some have actually been addressed on the merits. Is that not correct? Two uncertified issues. Well, I think they have, Your Honor. So what would the nature of the remand be to do what? Well, I guess there's one thing I do want to say that I have. I've given this considerable thought just consistently trying to understand what that would be. We have, too. And I actually think I've come up with something here that would be important to this client. It seems to me that, and before I say anything, I do want to say that this is not Judge Hanscom's fault. I do want to say that this, what I'm about to say, probably could have been put before him earlier. And indeed, it wasn't at all. So I'm not faulting the district court. But I do want to say that the remedy that I suggest of reentering the judgment so that the direct appeal could be had anew. Well. And then what, though? I mean, then would the two uncertified issues that have been addressed already, they'd be reopened for further consideration? Well, I think so. And I guess my concern would be the difference in standard of proof or standard of analysis between the habeas paper, the 2255 paper, and the direct appeal. I think that they would be different, and I wouldn't want to shortchange the man on the direct appeal. Counsel, I mean, this has been up and down and up and down and up and down. Under our rules, it's my understanding that even if a question has not been certified for appeal, that if it is briefed, we can treat it, we can enter a certificate of appealability after it's briefed and consider it. Now, let me just suggest to you, might that not be a way out of this? Because it is a habeas petition at some point or another. He's entitled to a decision on the merits as to whether or not he's entitled to habeas on some issue or other, I would think. And to just bounce it back down on the question of whether or not there should have been the question of ineffective assistance of counsel on appeal seems to be repetitive of what we've already ruled, or am I missing something? No, I agree with it. I do. The only distinction I could draw would be the one that I pointed to, the difference in standards. I would say, though, on the shackling claim, there was no opportunity, I guess, to have some kind of hearing to maybe call witnesses, court personnel, clerks, people that might actually put in the record the fact that the shackles were visible. I don't know that there's any real record on that other than his assertion in the paper. Did he at any time have counsel before the district court in the habeas? No, Your Honor. Not to my knowledge. He did not. That did not come until this Court ordered it, I think, on the previous appeal when the COA was issued. Okay. But you do agree, at least on the shackling claim, that all there is that they were visible, because apparently the Court did try to mask the fact of shackling or the status of shackling. And I believe that to be true, Your Honor. I think that some measures were taken during the course of those proceedings to put some kind of cloak or curtain around the counsel tables so that they would not be visible. And this is a Federal habeas so that the district judge was the same district judge who was? Yes, Your Honor, it was, yes. So if there are no other questions, I reserve the remainder of my time. Okay. Thank you. Good morning, Your Honors. My name is Jim Sikora, Assistant U.S. Attorney, Billings, Montana. First, I'd say if Mr. Donahoe's a Johnny come lately, I'd probably not even hear. If I may express my congratulations, Mr. Donahoe became a grandparent for the third time this morning. Well, congratulations. Congratulations. That's a great status. Four times. And I suspect that from the tenor of the Court's questions already, perhaps this is the second slippery barge case. Your Honors, I. It probably wasn't even apparent when this case started. Yeah. I guess my question is a practical one. Would it make the most sense for us to reach the non-certifying issues on the merits and simply be done with the matter? I think if it goes back on the non-certified, I think Judge Chancellor has already decided those. He just didn't issue the certificate of appealability. I think it's the same thing. But we can. The Judge Chancellor's quandary is right now, what remedy do I have? And it's a – let me suggest this. And if I spent as much time, you probably spent five times as much time trying to figure out the issues in this case. The ironic thing about this, this was my case in 1991. I had another case. It was given to Mr. Laws. Mr. Laws is retired on October 31st. I suggest this case was not a reason for his retirement, but I'm certain it had to be. In looking at the suggestions of the new case by Mr. Donahoe in regard to the most recent Judge Canby decision, 2-1 decision in August about the relation back, Dr. Well, Felix has now had CERT granted. Yeah. CERT has been granted? CERT was granted in Felix v. Maley on last Friday. Interesting. That doesn't mean anything. No. They want to refer it to CERT disclosure. We don't know. When you go back and look at the core issue, how far does it go back? The first two claims that Mr. Skirdal filed, the first one in January 3rd of 1997, his revised claim then in May of 1997, he's talking about – he's talking not about the issue that's before the Court and about ineffective counsel at the appellate level. He's talking about my attorney, my ability in relation to the trial. If, in fact, no matter how Felix comes out, it's talking about a relation back to those core issues, the indictment, the actual trial. But we're talking about a stage beyond that which Mr. Skirdal, no matter who's representing him, should have seen that. And I hate to – I thought he raised it in his 1996 petition. I read it differently. The way I read it, I read the two of them, and I can cite you specifically to the excerpts of record. When you look at it, he's talking about his issue of counsel at trial, not on direct appeal. So the issue we're talking about today is counsel on trial. Well, I'm not sure I understood the answer to Judge Graber's question. If we were to essentially certify the grant certificate on the non-certified issues and deal with them, wouldn't that be okay procedurally? I think it sends it back for another round to come back up here. Why? Why? Why isn't it done? If we were to – if we – why couldn't – you can't argue that the district court is entitled to be affirmed on those issues? Or are you conceding that it would have to be reversed? No, I think it's just another remand issue. I think procedurally some place along the line this has to stop. And I think Mr. Skirdal – Why would it have to be a remand? I don't understand. They're briefed, aren't they? They are. Yeah. So in other words, we're suggesting we can reach the merits. We can reach them. Right now. You may lose or you may win. But there's a record on the district court. Maybe there's a remand on some of them. Yeah. So if it's non-certified, you'd certify them. Yeah. Right. That was my question. That is one way. Okay. Now, in that regard, on the Shackling issue, we've heard the candid statement of counsel that there's little in the – little evidentiary support for the Shackling issue other than his assertion that the shackles were visible to the jury. And that's a bald assertion. And once again, this Court has the benefit of the trial judge. Well, yeah, but the trial – okay. It's not clear that the trial judge had the same view of the defendant when he's writing notes or whatever that the jury may have had. So that's potentially subject to an evidentiary hearing, I would assume. Correct? That's potential. Okay. Now, there's another issue there, and that is, as I read the record, his outburst that led to the order came in a pretrial hearing. Correct? In other words, he yelled – insulted the judge and whatever, and the judge finally gave up and said, all right. And then at the time of trial, ordered him shackled. The event that triggered the Shackling predated the trial, correct? That's correct. Okay. So – Which the margins had to physically remove him. Right. Now, under our case law, there's a clear obligation before one resorts to Shackling to consider alternative methods of controlling obstreperous behavior. Where in the record is there anything to suggest that the judge did that? I think the record – other than what's before the Court right now, I can't point to any, Your Honor. Other than this is, once again, a 1991 trial. And the cases have evolved since then. Okay. All right. Thank you. If I may make the suggestion, I started to say it's not to beat a dead horse in relation to the statute issue. In fact, I believe the first two claims are, in fact, different than the one that was submitted in 1998, which was a statutory issue, which is the one that certified your action. Thank you very much. The lawyer here – well, I'll ask him. Thank you. I'll certainly try to field it, Your Honor. No, I'm just wondering whether the appellant's counsel is a – you're a pro bono for this? Are you – Defender's office. Will you represent if it were to be remanded? Okay. Thank you, Your Honor. Thank you. Your Honors, I don't have anything further unless there are questions. Before I depart, I did want to tell you, Judge Schroeder, that we did miss you at the Federal Practice Seminar and appreciated your letter. Thank you. I knew that you were on to important business. Thank you. Thank you both. Yeah, I think –
judges: Schroeder, Graber, Fisher